IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEREIDA ESTRADA AND JOSE RAYMUNDO JARAMILLO<br>*Plaintiffs* | §<br>§<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 1:17-cv-00071 |
| AUTO TRANSPORTES DAMALUM SA DE CV; ROBERTO C. GARCIA; AND JUAN MENDEZ-VILLARREAL<br>*Defendants* | §<br>§<br>§<br>§<br>§ | |

PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME PLAINTIFFS, Nereida Estrada and Jose Raymundo Jaramillo, Complaining of and about Auto Transportes Damalum SA De CV, hereinafter called Defendant, and for cause of action show unto the Court the following:

1. PARTIES

1.1    Plaintiffs, Nereida Estrada and Jose Raymundo Jaramillo are individuals residing in Cameron County, Brownsville, Texas.

1.2    Defendant, Auto Transportes Damalum SA de CV, is a Foreign Company stationed in Mexico and is organized under the laws of the State of Tamaulipas.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Mario Alberto Rodriguez, 2955 International Blvd., Ste. D1, Brownsville, Texas 78521, its registered office.  Service of said Defendant as described above has already been perfected and there is no need for service at this time.

1.3    Defendant, Roberto C. Garcia, is an Individual who resides in Mexico, and may be served with process by serving the Chairperson of the Texas Transportation Commission, Tryon

___

D. Lewis, at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Mr. Roberto C. Garcia at Carretera Victoria Kilometro 6, Matamoros, MX.

    1.4    Defendant, Juan Mendez-Villarreal, is an Individual who resides in Mexico, and may be served with process by serving the Chairperson of the Texas Transportation Commission, Tryon D. Lewis, at 125 E. 11th Street, Austin, Texas 78701, who can forward process to Mr. Juan Mendez-Villarreal at Calle Real de Catorce, Matamoros, MX.

## 2. JURISDICTION AND VENUE

    2.1    This court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

    2.2    Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b) in that the cause of action arose within the Southern District of Texas.

    2.3    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3. FACTUAL BACKGROUND

### THE COLLISION

    3.1    This lawsuit concerns a motor vehicle collision that occurred on August 7, 2015. The collision occurred between a 2007 Chevrolet HHR which was driven by Plaintiff, Nereida Estrada and a 2009 Freightliner tractor trailer which was driven by Defendant Roberto C. Garcia, under the authority and control of Defendant, Auto Transportes Damalum SA de CV and owned by Defendant Juan Mendez-Villarreal. At the time of the collision, Plaintiff, Nereida Estrada was accompanied Plaintiff, Jose Raymundo Jaramillo.

3.2     The vehicular collision occurred on a Friday evening at the 2300 block of 14th Street, within the city limits of Brownsville, Texas.  With respect to the area where the collision occurred, 14th Street of consists of two southwest lanes.

3.3     Immediately prior to the time of the collision, Plaintiff, Nereida Estrada was traveling southwest on the 2300 block of 14th Street, on the right lane. At the same time, Defendant Roberto C. Garcia was traveling in the same direction as Plaintiff, in the left lane.  The incident ensued when Mr. Garcia veered the tractor-trailer from the left lane to the right lane, changing lanes unsafely, resulting in the collision with Plaintiffs' vehicle.

3.4     The following is a sketch excerpted from the official police report which was investigated by Officer Gonzalo Rubio, Badge No. 7838, of the Brownsville Police Department:



3.5     Officer Rubio found that Defendant Roberto C. Garcia was solely responsible for causing this collision, citing him accordingly.

THE INJURIES

3.6     Nereida Estrada suffered physical and emotional injuries as a result of this collision.

___

Ms. Estrada was diagnosed cervical, thoracic, and lumbar sprains/strains, multiple disc bulges to her neck and a disc herniation to her lower back.  Ms. Estrada has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision.  In all probability, Ms. Estrada will continue to incur medical expenses in the future to alleviate her pain.  Ms. Estrada was healthy prior to this collision.

      3.7      Jose Raymundo Jaramillo suffered physical and emotional injuries as a result of this collision.  Mr. Jaramillo was diagnosed thoracic and lumbar sprains/strains, multiple disc bulges and a disc herniation to his lower back.  Mr. Jaramillo has undergone extensive physical therapy, daily medication and injections to control the pain caused by the injuries sustained in this vehicular collision.  In all probability, Mr. Jaramillo will continue to incur medical expenses in the future to alleviate his pain. Mr. Jaramillo was healthy prior to this collision.

THE EMPLOYMENT RELATIONSHIP BETWEEN THE DEFENDANT AND<br>THE RESULTING VICARIOUS LIABILITY

      3.8      At the time of the collision which is the subject of this cause of action, and at all other relevant times, Roberto C. Garcia was an employee of Auto Transportes Damalum SA de CV, who was acting within the course and scope of his employment.  In this regard, Roberto C. Garcia was an employee insofar as the master-servant relationship under common law is concerned.

      3.9      Alternatively, and at all relevant times herein, Roberto C. Garcia was a "statutory employee" under the statutory employee doctrine.  In this regard, an intrastate motor carrier (such as Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendant, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal, had exclusive control of the tractor trailer which Roberto

C. Garcia was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000). As a result, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal, is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Roberto C. Garcia.

3.10    Alternatively, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal are vicariously liable with respect to all negligence of Roberto C. Garcia under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

### 4. CAUSE OF ACTION AGAINST DEFENDANT'S NEGLIGENCE OF ROBERTO C. GARCIA & RESPONDEAT SUPERIOR

4.1    Plaintiffs' claims against Defendant is brought under the provisions of the Federal Tort Claims Act 28 U.S.C. §2671 et seq. Defendant, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal are the responsible party defendants for the actions of its employee, Roberto C. Garcia, acting within the course and scope of his employment. 28 U.S.C. §2679.

4.2.    Under the doctrine of respondeat superior, Defendant, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal are vicariously liable for the actions of its employee, Roberto C. Garcia, while in the course and scope of his employment. The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendants, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal's employee in one or more of the following particulars:

> 4.2.1    In that Roberto C. Garcia failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> 4.2.2    In placing Plaintiffs in a position of peril due to Roberto C. Garcia's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

4.2.3   In that Roberto C. Garcia failed to safely change lanes as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances;

4.2.4   In that Roberto C. Garcia failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Roberto C. Garcia's motor vehicle which would permit Roberto C. Garcia to safely change lanes without colliding into Plaintiff's motor vehicle;

4.2.5   In that Roberto C. Garcia was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

4.2.6   In that Roberto C. Garcia failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.7   In that Roberto C. Garcia failed to control his speed as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances in violation of §545.351 of the Texas Transportation Code;

4.2.8   In that Roberto C. Garcia failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.9   In failing to exercise reasonable care to protect the safety of others who are using the roadways;

4.2.10   In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.11   In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiffs of the impending collision; and/or

4.2.12   In that Roberto C. Garcia was negligent by failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner.

4.3   Plaintiffs' injuries were proximately caused by Roberto C. Garcia's negligent, careless and reckless disregard of said duty.

5. CAUSE OF ACTION AGAINST DEFENDANTS
NEGLIGENCE OF AUTO TRANSPORTES DAMALUM SA DE CV AND JUAN MENDEZ-VILLARREAL

5.1     On August 7, 2015, Defendant, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal were the owners of the tractor-trailer driven by Roberto C. Garcia. Defendants, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal, negligently entrusted the vehicle to Roberto C. Garcia, a reckless and incompetent driver.  Defendants knew, or through the exercise of reasonable care should have known, that Roberto C. Garcia was a reckless and incompetent driver.

5.2     Furthermore, and alternatively, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal, owed Plaintiffs a duty to hire, supervise, train and retain competent employees. Defendants breached that duty by negligently <u>training</u>, <u>supervising</u>, <u>hiring</u> and <u>retaining</u>, Roberto C. Garcia, consisting of, but not limited to the following:

- 5.2.1   In failing to exercise ordinary care in implementing adequate training procedures for drivers;

- 5.2.2   In failing to exercise ordinary care in implementing adequate continued education for all drivers;

- 5.2.3   In failing to exercise ordinary care in implementing adequate supervision procedures;

- 5.2.4   In failing to adequately screen Roberto C. Garcia's driving record prior to hiring him; and/or

- 5.2.5   In failing to exercise ordinary care in determining whether Roberto C. Garcia was competent enough to be hired.

5.3     Each of the aforementioned negligent acts or omissions of the Defendants, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiffs.

6. VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

_____

6.1     In addition to duties which Roberto C. Garcia and Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal owed the motoring public, including Plaintiffs, under the common law of this state, Defendants owed duties under and were governed by, at all relevant times, the FMCSR.  According to the FMCSR, Defendants Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal were considered a motor carrier or operator of the commercial motor vehicle which Roberto C. Garcia was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by Roberto C. Garcia, Auto Transportes Damalum SA de CV and Juan Mendez-Villarreal, are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

## 7. DAMAGES FOR NEREIDA ESTRADA

7.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Nereida Estrada sustained personal injuries in the form of disc bulges and herniations to her lower back, which have resulted in losses and damages recoverable by law.  The back herniations require surgical intervention to correct the continuing pain and lasting effects.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining

the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Nereida Estrada for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron county, Texas;

    7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    7.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial; and

    7.4.5    Property damage.

### 8. DAMAGES FOR JOSE RAYMUNDO JARAMILLO

8.1 As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Jose Raymundo Jaramillo sustained personal injuries in the form of disc bulges and herniations to his lower back, which have resulted in losses and damages recoverable by law. The back herniations require surgical intervention to correct the continuing pain and lasting effects.

8.2 Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

8.3 From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    8.3.1 Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Nereida Estrada for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron county, Texas;

    8.3.2 Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    8.3.3 The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

       8.3.4    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

8.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

       8.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

       8.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

       8.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and

       8.4.4    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 9. PRE/POST JUDGMENT INTEREST

9.1    To the extent provided by law, Plaintiffs further plead for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this Court. Plaintiffs plead that if they are not allowed such pre and post judgment interest, that they would not be fully compensated, and that they would be denied an opportunity to earn interest on the damages Plaintiffs sustained between the time of the incident and the time of judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Nereida Estrada, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at

the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

                                            Respectfully submitted,

                                            */s/ Daniel Torres*
                                            Daniel A. Torres
                                            State Bar No. 24046985
                                            Federal Bar No. 573645
                                            Javier Villarreal
                                            State Bar No. 24028097
                                            Federal Bar No. 30384

Of Counsel:

LAW OFFICE OF JAVIER VILLARREAL, PLLC
2401 Wild Flower Drive, Suite A.
Brownsville, Texas 78526
Tel: 956-544-4444
Fax: 956-550-0877

_____